UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BANNECK,<br><br>    Plaintiff,<br><br>v.<br><br>HSBC BANK USA, N.A., et al.,<br><br>    Defendants. | Case No. 15-cv-02250-HSG<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 45 |

Defendant Experian Information Solutions, Inc. ("Experian") has filed an administrative motion to seal several exhibits attached to the Declaration of Douglas L. Clark (Dkt. No. 48) filed in connection with its motion for partial summary judgment (Dkt. No. 46). Dkt. No. 45. Experian contends that these exhibits contain private financial and personal information regarding Plaintiff James Banneck and a mortgage application he filed that is at issue in its partial summary judgment motion. Dkt. No. 45 at 3-4. Experian also contends that these exhibits should be sealed because they contain proprietary and confidential information about non-party Fannie Mae's and its own business practices. *Id.*

**I.    LEGAL STANDARD**

Under Civil Local Rules 79-5(d) and 7-11, a party may seek leave to file documents under seal by filing an administrative motion, a declaration establishing that the documents are sealable, and redacted and unredacted versions of the documents. When a movant seeks to file documents under seal in connection with a dispositive motion, a strong presumption in favor of public access applies, and the movant must state "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotations marks and

citations omitted). But when a movant seeks to file documents under seal in connection with a motion that is only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), "the usual presumption of the public's right of access is rebutted," *Kamakana*, 447 F.3d at 1179. "The application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the broad power of the district court to fashion protective orders." *Id.* at 1180 (internal quotation marks and citations omitted). For that reason, "a particularized showing . . . under the good cause standard of Rule 26(c) will suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* (internal quotation marks and citations omitted; brackets original). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Additionally, under Civil Local Rules 79-5(e) and 7-11, a party seeking to file a document designated as confidential by another party under a protective order must file an administrative motion and declaration identifying the document or portions thereof which contain the designated, confidential material. The submitting party must serve the declaration on the designating party on the same day it is filed and file proof of such service. Civ. L.R. 79-5(e). Within four days of filing the sealing motion, the designating party must file a declaration compliant with Local Rule 79-5(d)(1)(A) establishing that all of the designated material is sealable under Local Rule 79-5(b). Civ. L.R. 79-5(e)(1). If the designating party does not file a responsive declaration as required and the sealing motion is accordingly denied, the submitting party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied. Civ. L.R. 79-5(e)(2). Courts may delay public docketing upon a showing of good cause. *Id.*

When courts in this district find that documents contain sealable information, a motion to seal must still be "narrowly tailored" such that only sealable information is redacted from public access. Civ. L.R. 79-5(b). The failure to narrowly tailor a proposed sealing order will result in a denial of the sealing motion, subject to renewal and revision only at the Court's discretion.

## II. DISCUSSION

Experian requests to seal documents that it contends are sealable, as well as documents that

a third party has designated as confidential under a protective order. The documents that Experian contends are sealable include: (1) Banneck's complete credit report; (2) Banneck's debts and personal identifying information; and (3) Fannie Mae's automated analysis of Banneck's mortgage application, which includes Banneck's home address, income, credit scores, and debts. Dkt. Nos. 45 at 4 & 45-1, Exs. A-C. Experian is correct that confidential, personal financial information is sealable. *See Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014). Mortgage documents containing sensitive personal information are also sealable. *See Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026, 2013 WL 2627487, at *1 (N.D. Cal. Jun. 11, 2013). Accordingly, the Court grants the motion to seal on those bases.[1]

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Experian's administrative motion to seal. The documents filed under seal will remain under seal. *See* Civ. L.R. 79-5(f)(1).

**IT IS SO ORDERED.**

Dated: June 20, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Because the documents are sealable on these bases, the Court need not reach the alternative argument that the documents contain confidential information of Fannie Mae or Experian, and no party has satisfied the requirements of Local Rule 79-5(e) as to this second ground.